**LAW OFFICES OF GRECH & PACKER**
Trenton C. Packer (SBN 241057)
7095 Indiana Ave Ste 200
Riverside, CA 92506
(951) 682-9311
Email: tpacker@grechpackerlaw.com

*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELEXUS MARQUEZ <br><br>          Plaintiff, <br><br>     v. <br><br> CITY OF SAN BERNARDINO; OFFICER B. NELSON; OFFICER MURPHY; and DOES 1-10, inclusive, <br><br>          Defendants. | CASE No.:  5:21-cv-2016 <br><br> **PLAINTIFF'S COMPLAINT FOR DAMAGES** <br><br> 1. 42 U.S.C. § 1983 (Unreasonable Detention and Arrest) <br> 2. 42 U.S.C. § 1983 (Unreasonable Search and Seizure – Excessive Force) <br> 3. 42 U.S.C. § 1983 (Municipal Liability – Unconstitutional Custom, Practice, or Policy) <br> 4. 42 U.S.C. § 1983 (Municipal Liability – Failure to Train) <br> 5. 42 U.S.C. § 1983 (Municipal Liability – Ratification) <br> 6. Battery <br> 7. Negligence <br> 8. Violation of Cal. Civil Code § 52.1 <br><br> **DEMAND FOR JURY TRIAL** |

1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff ELEXUS MARQUEZ for her Complaint against CITY OF SAN BERNARDINO, OFFICER B. NELSON, OFFICER MURPHY; and DOES 1-10, inclusive and hereby alleges as follows:

## INTRODUCTION

1.      This civil rights action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the use of force on PLAINTIFF on January 20, 2021.

2.      Defendant OFFICER NELSON caused PLAINTIFF'S injuries when he pinned her arm behind her and violently threw her to the ground, causing a comminuted distal humeral fracture to her right arm. At all relevant times, OFFICER NELSON was acting under color of law within the course and scope of his duties as an officer working for the City of San Bernardino Police Department.  At all relevant times, OFFICER NELSON was acting with the complete authority and ratification of his principal, CITY OF SAN BERNARDINO.

3.      Defendant OFFICER MURPHY caused PLAINTIFF'S injuries when he pinned her arm behind her and violently threw her to the ground, causing a comminuted distal humeral fracture to her right arm. At all relevant times, OFFICER MURPHY was acting under color of law within the course and scope of his duties as an officer working for the City of San Bernardino Police Department.  At all relevant times, OFFICER MURPHY was acting with the complete authority and ratification of his principal, CITY OF SAN BERNARDINO.

4.     DOES 1-6, inclusive, ("DOE OFFICERS") caused various injuries herein by integrally participating or failing to intervene in the incident, and by engaging in other acts and/or omissions around the time of the incident.

5.     Defendants CITY OF SAN BERNARDINO and DOES 7-10, inclusive, also caused various injuries and are liable under federal law and under the principles set forth in *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

6.     This action is in the public interest as PLAINTIFF seeks by means of this civil rights action to hold accountable those responsible for the serious bodily injury inflicted by Defendants, including OFFICERS NELSON and MURPHY, and CITY OF SAN BERNARDINO's ratification, failure to train, and policy of inaction in the face of serious constitutional violations, as well as the unlawful custom and practice with respect to the use force.

## THE PARTIES

7.     At all relevant times, PLAINTIFF was an individual residing in San Bernardino County, California.

8.     Defendant CITY OF SAN BERNARDINO is a political subdivision of the State of California that is within this judicial district.  CITY OF SAN BERNARDINO is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the City of San Bernardino Police Department and its agents and employees.  At all relevant times, Defendant CITY OF SAN BERNARDINO was responsible for assuring that actions, omissions, policies, procedures, practices, and customs of the City of San Bernardino Police Department and its employees and agents complied with the laws of the United States and the

COMPLAINT FOR DAMAGES

State of California. At all relevant times, CITY OF SAN BERNARDINO was the employer of Defendants NELSON, MURPHY and DOES 1-10.

9. Defendant OFFICER B. NELSON ("NELSON") is a police officer working for the City of San Bernardino Police Department. At all relevant times, NELSON was acting under color of law within the course and scope of his duties as an officer working for the City of San Bernardino Police Department. At all relevant times, NELSON was acting with the complete authority and ratification of his principal, CITY OF SAN BERNARDINO.

10. Defendant OFFICER MURPHY ("MURPHY") is a police officer working for the City of San Bernardino Police Department. At all relevant times, MURPHY was acting under color of law within the course and scope of his duties as an officer working for the City of San Bernardino Police Department. At all relevant times, MURPHY was acting with the complete authority and ratification of his principal, CITY OF SAN BERNARDINO.

11. Defendants DOES 1-6, inclusive, are officers for the San Bernardino Police Department. At all relevant times, these Defendants were acting under color of law within the course and scope of their duties as San Bernardino Police Department officers and at other times they were working in their personal capacity as individuals outside the scope of their employment. At all relevant times, DOES 1-6, inclusive, were acting with the complete authority and ratification of their principal, CITY OF SAN BERNARDINO.

12. Defendants DOES 7-10, inclusive, are managerial, supervisorial, or policymaking employees of the San Bernardino Police Department who were acting under color of law within the course and scope of their duties as supervisorial officers for the San Bernardino Police Department. DOES 7-10,

COMPLAINT FOR DAMAGES

inclusive, were acting with the complete authority of their principal, CITY OF SAN BERNARDINO.

13.    PLAINTIFF is ignorant of the true names and capacities of Defendants DOES 1-10, inclusive, and therefore sues these defendants by such fictitious names. PLAINTIFF will amend the complaint to allege the true names and capacities of those defendants when the same has been ascertained. PLAINTIFF is informed, believes, and on that basis alleges, that DOES 1-10, inclusive, and each of them, are responsible in some manner for the occurrences alleged herein and proximately caused PLAINTIFF'S damages.

14.    On information and belief, DOES 1-10, inclusive, were at all relevant times residents of the County of San Bernardino.

15.    PLAINTIFF is informed and believes, and on that basis alleges, that Defendants acted at all times mentioned herein as the actual and/or ostensible agents, employees, servants or representatives of each other and, in doing the activities alleged herein, acted within the scope of their authority as agents and employees, and with the permission and consent of each other.

16.    PLAINTIFF is informed and believes, and on that basis alleges, that at all times mentioned herein all Defendants acted under color of law, statute, ordinance, regulations, customs and usages of the State of California and CITY OF SAN BERNARDINO.

17.    All Defendants who are natural persons, including DOES 1-10, inclusive, are sued individually and/or in his/her capacity as officers, deputies, investigators, sergeants, captains, commanders, supervisors, and/ or civilian employees, agents, policy makers, and representatives of the San Bernardino Police Department.

18.    PLAINTIFF suffered serious bodily injury as a direct and proximate result of the actions of Defendants MURPHY, NELSON, and DOES

1-10 inclusive.  Defendants MURPHY, NELSON, and DOES 1-10 are directly liable for PLAINTIFF'S injuries under federal law pursuant to 42 U.S.C. § 1983.

19.    On June 21, 2021, PLAINTIFF timely filed a claim for damages with the CITY OF SAN BERNARDINO pursuant to applicable sections of the California Government Code.

20.    On July 26, 2021, Carl Warren & Company sent a notice on behalf of the City of San Bernardino rejecting PLAINTIFF'S claim.

## JURISDICTION AND VENUE

21.    The Court has jurisdiction over PLAINTIFF'S claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because PLAINTIFF asserts claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth Amendment of the United States Constitution. The Court has jurisdiction over PLAINTIFF'S state law claims pursuant to 28 U.S.C. § 1367.

22.    Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), because all incidents, events, and occurrences giving rise to this action occurred within this district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

23.    PLAINTIFF repeats and re-alleges each and every allegation of paragraphs 1 through 22, inclusive, as if fully set forth herein.

24.    PLAINTIFF sustained injuries, including but not limited to pain and suffering when Defendants MURPHY, NELSON, and DOES 1-6 violently threw her to the ground by her arm, causing a fracture to her humerus that ultimately led to surgery and a continued loss of feeling in her lower arm.

25.    On January 20, 2021, PLAINTIFF was a passenger in a vehicle stopped on the side of the road in the City of San Bernardino.  CITY police officers approached the vehicle and decided to tow it.

26.    A long period of time passed during which PLAINTIFF, the driver of the vehicle in which PLAINTIFF sat, and others pleaded with CITY officers not to tow the vehicle.

27.    After CITY police officers decided to tow the vehicle, PLAINTIFF asked for the officers' badge numbers.  PLAINTIFF used a cell phone to record the badge numbers.

28.    PLAINTIFF approached the officers with the cell phone and explained she was trying to record the officers' badge numbers.  PLAINTIFF walked to where the officers were positioned on the shoulder of the road.

29.    PLAINTIFF repeatedly explained that she was trying to record the officers' badge numbers.  Rather than permit PLAINTIFF to continue to record, Defendants MURPHY, NELSON, and DOES 1-6 violently threw PLAINTIFF to the ground by her arm.  PLAINTIFF immediately screamed out in pain and told the officers they had broken her arm.

30.    Notwithstanding PLAINTIFF'S obvious excruciating pain and complaints that Defendants MURPHY, NELSON, and DOES 1-6 had broken her arm, Defendants MURPHY, NELSON, and DOES 1-6 continued to move PLAINTIFF by her arm and handcuffed her behind her back.

31.    PLAINTIFF repeatedly explained that all she was trying to do was get the officers' badge numbers, something she was lawfully permitted to do.

32.    PLAINTIFF begged for Defendants MURPHY, NELSON, and DOES 1-6 to take off her handcuffs, but they refused despite that she presented no threat to Defendants MURPHY, NELSON, and DOES 1-6 or anyone else. PLAINTIFF's injuries were exacerbated by Defendants MURPHY, NELSON, and DOES 1-6's refusal to help PLAINTIFF despite her serious bodily injury.

33.    Defendants MURPHY, NELSON, and DOES 1-6 explained that they had to put their

7

34.    hands on her despite that she was walking away from Defendants MURPHY, NELSON, and DOES 1-6 when they brutally assaulted her.

35.    PLAINTIFF'S hands were holding what was obviously a phone throughout the encounter. There were no weapons of any kind in her hands or on her person.  PLAINTIFF was facing the officers with her hands visible. PLAINTIFF presented no threat to Defendants MURPHY, NELSON, and DOES 1-6, or anyone else at the time her arm was catastrophically broken.

36.    Even though PLAINTIFF was not resisting, PLAINTIFF had the right to resist excessive force.

37.    PLAINTIFF was subjected to unreasonable and excessive force, inflicted when she was violently taken to the ground and her arm was broken which caused lifelong damage.

38.    The officers' only commands to PLAINTIFF were to get out of the shoulder of a street where the officers were standing and where she was lawfully permitted to be.

39.    As a result of being violently thrown to the ground by Defendants MURPHY, NELSON, and DOES 1-6, PLAINTIFF experienced serious bodily injury, including a severely broken arm that causes excruciating pain to this day.

40.    The use of force was excessive and objectively unreasonable under the circumstances, especially because PLAINTIFF did not pose an immediate threat to anyone.  PLAINTIFF certainly did not pose a threat of any kind to anyone when she was brutally attacked and thrown to the ground with such force that she suffered a comminuted fracture to her humerus.

///

///

///

COMPLAINT FOR DAMAGES

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FIRST CLAIM FOR RELIEF**

**Unreasonable Detention and Arrest (42 U.S.C. § 1983)**

(By PLAINTIFF against Defendants NELSON, MURPHY, and DOES 1-6, inclusive)

41.  PLAINTIFF repeats and re-alleges each and every allegation of paragraph 1 through 40, inclusive, as if fully set forth herein.

42.  The Fourth Amendment of the United States Constitution guarantees all persons the right to be free from unreasonable detention in violation of their right to privacy.  42 U.S.C. § 1983 provides a private right of action for conduct which violates this right.

43.  Defendants NELSON, MURPHY, and DOES 1-6 acted under color of law.

44.  On January 20, 2021, without cause, Defendants NELSON, MURPHY, and DOES 1-6 unlawfully detained PLAINTIFF without cause.

45.  Defendants NELSON, MURPHY, and DOES 1-6 detained PLAINTIFF without reasonable suspicion and without probable cause.

46.  The conduct of Defendants NELSON, MURPHY, and DOES 1-6 violated PLAINTIFF'S right to be free from unreasonable search and seizure, which is guaranteed to her by the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

47.  As a result of Defendants NELSON, MURPHY, and DOES 1-6's conduct, Defendants NELSON, MURPHY, and DOES 1-6 are liable to PLAINTIFF for PLAINTIFF'S injuries either by integrally participating or failing to intervene in the incident, and by engaging in other acts and/or omissions around the time of the incident.

48.  On information and belief, the conduct of Defendants NELSON, MURPHY, and DOES 1-6 was willful, wanton, and done with reckless

disregard for the rights and safety of PLAINTIFF and therefore warrants the imposition of exemplary and punitive damages as to Defendants NELSON, MURPHY, and DOES 1-6.

49.   Because of unreasonable detention and arrest of PLAINTIFF, PLAINTIFF'S constitutional rights were violated.   As a result, Defendants NELSON, MURPHY, and DOES 1-6 are liable for violating those rights and liable for PLAINTIFF'S severe pain and suffering for which she is entitled to recover damages.

50.   PLAINTIFF brings this claim and seeks damages for her past and future pain and suffering, loss of enjoyment of life, medical expenses, and loss of earning capacity under this claim.

51.   PLAINTIFF also seeks attorney's fees and costs under this claim.

### SECOND CLAIM FOR RELIEF

**Unreasonable Search and Seizure – Excessive Force (42 U.S.C. § 1983)**

(By PLAINTIFF against Defendants NELSON, MURPHY, and DOES 1-6, inclusive)

52.   PLAINTIFF repeats and re-alleges each and every allegation of paragraphs 1 through 51, inclusive, as if fully set forth herein.

53.   The Fourth Amendment of the United States Constitution, as applied to State Actors by the Fourteenth Amendment, provides the right of every person to be free from the use of excessive force by police officers.

54.   When Defendants NELSON, MURPHY, and DOES 1-6, inclusive, viciously threw PLAINTIFF to the ground, PLAINTIFF was not threatening any person, and PLAINTIFF never verbally threatened any person, including Defendants.

55.    PLAINTIFF never threatened anyone, made no aggressive movements toward anyone, made no furtive gestures, and no physical movements that would reasonably suggest to the Defendants that PLAINTIFF was attempting, willing, or intending to inflict harm to anyone.

56.    Throughout the incident, PLAINTIFF presented no immediate threat to the safety of the officers or others.

57.    Defendants NELSON, MURPHY, and DOES 1-6 used excessive and unreasonable force, including deadly force, against PLAINTIFF. Defendants failed to issue any warning that they would use force before they viciously threw PLAINTIFF to the ground.  PLAINTIFF was not an immediate threat to Defendants or anyone else when Defendants used excessive and unreasonable force on PLAINTIFF.

58.    Defendants NELSON, MURPHY, and DOES 1-6 caused various injuries herein by integrally participating or failing to intervene in the incident, and by engaging in other acts and/or omissions around the time of the incident.  Defendants' acts and omissions deprived PLAINTIFF of her right to be secure in her person against unreasonable searches and seizures as guaranteed to PLAINTIFF under the Fourth Amendment to the United States Constitution and applied to State Actors by the Fourteenth Amendment.

59.    As a direct result of the aforesaid acts and omissions of Defendants NELSON, MURPHY, and DOES 1-6, PLAINTIFF suffered great physical and mental injury, fear and emotional distress related to her physical injuries, and loss of her earning capacity in an amount according to proof.

60.    The conduct of Defendants NELSON, MURPHY, and DOES 1-6 alleged above was willful, wanton, malicious, and done with reckless disregard for the rights and safety of PLAINTIFF and warrants the imposition of exemplary and punitive damages in an amount according to proof.

61.   Defendants NELSON, MURPHY, and DOES 1-6 were acting under color of state law and within the course and scope of their employment as officers for the CITY OF SAN BERNARDINO.

62.   PLAINTIFF seeks damages for her past and future pain and suffering, loss of enjoyment of life, medical expenses, and loss of earning capacity under this claim.

63.   PLAINTIFF also seeks attorneys' fees and costs under this claim.

## **THIRD CLAIM FOR RELIEF**

**Municipal Liability – Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)**

(By PLAINTIFF against CITY; and DOES 7-10, inclusive)

64.   PLAINTIFF repeats and re-alleges each and every allegation of paragraphs 1 through 63, inclusive, as if fully set forth herein.

65.   Defendants NELSON, MURPHY, and DOES 1-6, inclusive, acted under color of state law.

66.   Defendants NELSON, MURPHY, and DOES 1-6, inclusive, acted pursuant to an expressly adopted of fiscal policy or longstanding practice or custom of the DEFENDANT CITY OF SAN BERNARDINO, and DOES 7-10, inclusive.

67.   On information and belief, and despite a citizen's complaint filed by PLAINTIFF, Defendants NELSON, MURPHY, and DOES 1-6, inclusive, were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with deprivation of PLAINTIFF'S rights.

68.   Defendants CITY OF SAN BERNARDINO, and DOES 7-10, inclusive, together with other CITY policymakers and supervisors,

maintained, inter alia, the following unconstitutional customs, practices, and policies:

(a)     Using excessive and unreasonable force, including deadly force on unarmed persons who do not pose an immediate risk of death or serious bodily injury to others;

(b)     Providing inadequate training regarding the use of force,;

(c)     Providing inadequate training regarding de-escalation;

(d)     Employing and retaining as police officers, individuals such as Defendants NELSON, MURPHY, and DOES 1-6, inclusive, who Defendants CITY OF SAN BERNARDINO, and DOES 7-10, inclusive, at all times material herein, knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive force;

(e)     Inadequately supervising, training, controlling, assigning, and disciplining CITY officers, and other personnel, including Defendants NELSON, MURPHY, and DOES 1-6, inclusive, who City knew or in the exercise of reasonable care should have known, had the aforementioned propensities or character traits;

(f)     Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by officers of the CITY;

(g)     Failing to adequately discipline CITY officers for the above-mentioned categories of misconduct, including inadequate discipline and "slaps on the wrist," discipline that is so slight as to be out of proportion with the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

(h)     Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," or simply "code of silence," pursuant to which officers do not report other officers' errors, misconduct, or crimes.  Pursuant to this code of silence, if questioned about an incident of misconduct involving another officer, while following the code, the officer being questioned will claim ignorance of the other officer's wrongdoing.

69.    By reason of the aforementioned acts and omissions, PLAINTIFF has endured substantial pain and suffering.

70.    Defendants CITY, and DOES 7-10, inclusive, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged herein.  Despite having knowledge as stated above, these Defendants condoned, tolerated and through actions and inactions thereby ratified such policies.  Said Defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of PLAINTIFF and other individuals similarly situated.

71.    By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants CITY, and DOES 7-10, inclusive, acted with intentional, reckless, and callous disregard for the PLAINTIFF'S Constitutional rights.  Furthermore, the policies, practices, and customs implemented, maintained, and tolerated by Defendants CITY and DOES 7-10, inclusive, were affirmatively linked to and were a significantly influential force behind PLAINTIFF'S injuries.

72.    The acts of each of Defendants DOES 7-10, inclusive, were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities, and therefore

warrants imposition of exemplary and punitive damages as to DOES 7-10, inclusive.

73. Based on information and belief, the following are only a few examples of cases evidencing Defendant CITY'S unconstitutional policies, where the involved officers were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with the underlying acts giving rise to the below lawsuits, which indicates that CITY routinely ratifies such behavior and maintains a practice of allowing such behavior:

(a)     In *Brown v. City of San Bernardino, et al.*, case number 518-cv-00894, Defendant CITY's officers violently punched the plaintiff despite that she presented no danger to officers or anyone else. Defendant CITY settled with the plaintiff;

(b)     In *Castaneda v. City of San Bernardino, et al.*, case number 5:15-cv-00910, Defendant CITY's officers tackled plaintiff to the ground, and once he was subdued and not posing any risk to the officers, violently wrenched plaintiff's arm with such force to snap and dislocate plaintiff's elbow. The officers then punched and kicked the plaintiff and dragged the plaintiff's face across a paved driveway. Defendant CITY settled with plaintiff;

(c)     In *Castaneda v. City of San Bernardino, et al.*, case number 5:17-cv-01928, the CITY settled with the father of a man who was killed as a result of unreasonable force by a CITY officer;

(d)     In *Flores v. City of San Bernardino, et al.*, case number 5:19-cv-00569, the CITY settled with the family of a man who was killed as a result of unreasonable force by the CITY's officers;

(e)     In *Dockery v. City of San Bernardino, et al.*, case number 5:20-cv-1189, Defendant CITY's officer shot an unarmed man multiple

times in the back while he was running away from Defendant CITY's officer.

74. By reason of the acts and omissions of Defendants CITY and DOES 7-10, inclusive, PLAINTIFF suffered past and future pain and suffering, loss of enjoyment of life, medical expenses, and loss of earning capacity.

75. Accordingly, Defendants CITY and DOES 7-10, inclusive, each are liable for compensatory damages under 42 U.S.C. § 1983.

76. PLAINTIFF also seeks attorneys' fees and costs under this claim.

## FOURTH CLAIM FOR RELIEF

### Municipal Liability for Failure to Train (42 U.S.C. §1983)

(By PLAINTIFF against CITY; and DOES 7-10, inclusive)

77. PLAINTIFF repeats and re-alleges each and every allegation in paragraphs 1 through 76 of this Complaint with the same force and effect as if fully set forth herein.

78. Defendants NELSON, MURPHY, and DOES 1-6, inclusive, acted under color of law.

79. The acts of Defendants NELSON, MURPHY, and DOES 1-6, inclusive, deprived PLAINTIFF of her particular rights under the United States Constitution.

80. On information and belief, CITY failed to properly and adequately train Defendants NELSON, MURPHY, and DOES 1-6, inclusive, including but not limited to, with regard to the use of physical force, detention of an automobile, detention of a person, and arrest of a person.

81. The training policies of DEFENDANT CITY were not adequate to train its officers to handle the usual and recurring situations with which they

must deal, including de-escalation techniques, and the use of less than lethal and lethal force.

82.   Moreover, the training policies of DEFENDANT CITY were not adequate to train its officers to handle the usual and recurring situations with which they must deal, including ensuring traffic stops and detentions are legal and use of force is reasonable and not excessive.

83.   Defendants CITY and DOES 7-10, inclusive, were deliberately indifferent to the obvious consequences of its failure to train its officers adequately.

84.   The failure of Defendants CITY and DOES 7-10, inclusive, to provide adequate training caused the deprivation of PLAINTIFF'S rights by Defendants NELSON, MURPHY, and DOES 1-6, inclusive; that is, Defendants' failure to train is so closely related to the deprivation of PLAINTIFF'S rights as to be the moving force that caused the ultimate injury.

85.   The following are only a few examples of cases where the involved officers were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with the underlying acts giving rise to the below lawsuits, which indicates that CITY failed to adequately train its officers with regard to the use of force:

(a)   In *Brown v. City of San Bernardino, et al.*, case number 518-cv-00894, Defendant CITY's officers violently punched the plaintiff despite that she presented no danger to officers or anyone else. Defendant CITY settled with the plaintiff;

(b)   In *Castaneda v. City of San Bernardino, et al.*, case number 5:15-cv-00910, Defendant CITY's officers tackled plaintiff to the ground, and once he was subdued and not posing any risk to the officers, violently wrenched plaintiff's arm with such force to snap and

dislocate plaintiff's elbow. The officers then punched and kicked the plaintiff and dragged the plaintiff's face across a paved driveway. Defendant CITY settled with plaintiff;

(c)     In *Castaneda v. City of San Bernardino, et al.*, case number 5:17-cv-01928, the CITY settled with the father of a man who was killed as a result of unreasonable force by a CITY officer;

(d)     In *Flores v. City of San Bernardino, et al.*, case number 5:19-cv-00569, the CITY settled with the family of a man who was killed as a result of unreasonable force by the CITY's officers;

(e)     In *Dockery v. City of San Bernardino, et al.*, case number 5:20-cv-1189, Defendant CITY's officer shot an unarmed man multiple times in the back while plaintiff was running away from Defendant CITY's officer.

86.     By reason of the aforementioned acts and omissions, PLAINTIFF has and will suffer past and future pain and suffering, loss of enjoyment of life, medical expenses, and loss of earning capacity.

87.     Accordingly, DEFENDANT CITY and DOES 7-10, inclusive, are liable to PLAINTIFF for compensatory damages under 42 U.S.C. § 1983.

88.     PLAINTIFF also seeks attorneys' fees and costs of suit.

## FIFTH CLAIM FOR RELIEF

### Municipal Liability – Ratification (42 U.S.C. § 1983)

(By PLAINTIFF against CITY; and DOES 7-10, inclusive)

89.     PLAINTIFF repeats and re-alleges each and every allegation in paragraphs 1 through 88 of this Complaint with the same force and effect as if fully set forth herein.

90.     Defendants NELSON, MURPHY, and DOES 1-6, inclusive, acted under color of law.

91.     The acts of Defendants NELSON, MURPHY, and DOES 1-6, inclusive, deprived PLAINTIFF of her particular rights under the United States Constitution.

92.     Upon information and belief, a final policymaker, acting under color of law, has a history of ratifying unreasonable uses of force, including deadly force.

93.     Upon information and belief, a final policymaker, acting under color of law, who had final policymaking authority concerning the acts of Defendants NELSON, MURPHY, and DOES 1-6's, acts and the bases for them.   Upon information and belief, the final policymaker knew of and specifically approved of Defendants NELSON, MURPHY, and DOES 1-6's, acts.

94.     On information and belief, CITY final policymakers, including DOES 7-10, inclusive, knew that PLAINTIFF never presented a risk of harm to an officer or anyone else and that PLAINTIFF was always unarmed during the incident and complied with officers' commands.

95.     On information and belief, the official policies with respect to the incident are that officers are not to use force against an individual unless the individual poses an immediate risk of bodily injury to the officers or others. The officers' actions deviated from these official policies because PLAINTIFF did not pose an immediate threat of death or serious bodily injury to the involved officers or anyone.

96.     Upon information and belief, a final policymaker has determined that the acts of Defendants NELSON, MURPHY and DOES 1-6  were "within policy."  PLAINTIFF filed a civilian complaint with Defendant CITY, which

complaint was denied by Defendants CITY. The denial of PLAINTIFF'S complaint represents Defendant CITY'S explicit ratification of Defendants NELSON, MURPHY and DOES 1-6's conduct.

97. The following are only a few examples of cases where the involved officers were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with the underlying acts giving rise to the below lawsuits, which indicates that the CITY routinely ratifies such behavior:

(a) In *Brown v. City of San Bernardino, et al.*, case number 518-cv-00894, Defendant CITY's officers violently punched the plaintiff despite that she presented no danger to officers or anyone else. Defendant CITY settled with the plaintiff;

(b) In *Castaneda v. City of San Bernardino, et al.*, case number 5:15-cv-00910, Defendant CITY's officers tackled plaintiff to the ground, and once he was subdued and not posing any risk to the officers, violently wrenched plaintiff's arm with such force to snap and dislocate plaintiff's elbow. The officers then punched and kicked the plaintiff and dragged the plaintiff's face across a paved driveway. Defendant CITY settled with plaintiff;

(c) In *Castaneda v. City of San Bernardino, et al.*, case number 5:17-cv-01928, the CITY settled with the father of a man who was killed as a result of unreasonable force by a CITY officer;

(d) In *Flores v. City of San Bernardino, et al.*, case number 5:19-cv-00569, the CITY settled with the family of a man who was killed as a result of unreasonable force by the CITY's officers;

(e) In *Dockery v. City of San Bernardino, et al.*, case number 5:20-cv-1189, Defendant CITY's officer shot an unarmed man

COMPLAINT FOR DAMAGES

1    multiple times in the back while plaintiff was running away from

2    Defendant CITY's officer.

3    98.    By reason of the aforementioned acts and omissions, PLAINTIFF

4    has and will suffer past and future pain and suffering, loss of enjoyment of

5    life, medical expenses, and loss of earning capacity.

6    99.    Accordingly, Defendants CITY and DOES 7-10, inclusive, are

7    liable to PLAINTIFF for compensatory damages under 42 U.S.C. § 1983.

8    100.   PLAINTIFF also seeks attorneys' fees and costs of suit.

9    **<u>SIXTH CLAIM FOR RELIEF</u>**

10   **Battery (Cal. Govt. Code § 820 and California Common Law)**

11   (By PLAINTIFF against all DEFENDANTS)

12   101.   PLAINTIFF repeats and re-alleges each and every allegation of

13   paragraphs 1 through 100 inclusive, as if fully set forth herein.

14   102.   Defendants NELSON, MURPHY, and DOES 1-6, inclusive,

15   while working as officers, sergeants, and in other capacities, for the CITY

16   police department, and acting within the course and scope of their duties,

17   brutally attacked PLAINTIFF. As a result of the actions of Defendants

18   NELSON, MURPHY, and DOES 1-6, inclusive, PLAINTIFF was seriously

19   injured.  Defendants NELSON, MURPHY, and DOES 1-6, inclusive, had no

20   legal justification for using force against PLAINTIFF, and Defendants

21   NELSON, MURPHY, and DOES 1-6's use of force while carrying out their

22   duties as officers was unreasonable under the circumstances.

23   103.   At all relevant times, PLAINTIFF was not an immediate threat of

24   bodily injury to anyone, including Defendants.

25   104.   Defendants CITY and DOES 7-10, inclusive, are directly liable

26   and responsible for the acts of Defendants NELSON, MURPHY, and DOES

27   1-6, inclusive, because Defendants CITY and DOES 7-10, inclusive, failed to

28

adequately train, discipline, supervise, or in any other way control Defendants NELSON, MURPHY, and DOES 1-6, inclusive, in the exercise of their unlawful use of excessive and unreasonable force.

105.  Defendant CITY is vicariously liable for the wrongful acts of Defendants NELSON, MURPHY, and DOES 1-6, inclusive, pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for injuries caused by its employees within the scope of the employment if the employee's acts would subject them to liability.

106.  The conduct of Defendants NELSON, MURPHY, and DOES 1-6, inclusive, was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of PLAINTIFF, entitling PLAINTIFF to an award of exemplary and punitive damages.

107.  PLAINTIFF is claiming past and future medical expenses pursuant to this claim and damages for loss of earning capacity.  PLAINTIFF also seeks attorney fees under this claim pursuant to California Code of Civil Procedure § 1021.5.

**SEVENTH CLAIM FOR RELIEF**

**Negligence (Cal. Govt. Code § 820 and California Common Law)**

(By PLAINTIFF against all DEFENDANTS)

108.  PLAINTIFF repeats and re-alleges each and every allegation of paragraphs 1 through 107, inclusive, as if fully set forth herein.

109.  Police officers, including Defendants, have a duty to use reasonable care to prevent harm and injury to others.  This duty includes using appropriate tactics, giving appropriate commands, giving appropriate warnings, and not using any force unless necessary, using the least amount of force necessary, and only using deadly force as a last resort.  These duties also

include providing proper training and equipment to officers so that they may perform their duties in accordance with the department policies, properly investigate use of force incidents, and punish, re-train, terminate, and/or prosecute violators of those policies and the law.

110. The Defendants breached their duty of care. Upon information and belief, the actions and inactions of Defendants were negligent and reckless, including but not limited to:

(a)   the failure to properly and adequately assess the need to use force against PLAINTIFF;

(b)   the negligent tactics and handling of the situation with PLAINTIFF, including actions before the physical attack;

(c)   the negligent scope and manner of the detention, arrest, and use of force, against PLAINTIFF;

(d)   the failure to properly train and supervise employees, both professional and non-professional, including Defendants NELSON, MURPHY, and DOES 1-6, inclusive;

(e)   the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs and protect the rights of PLAINTIFF;

(f)   the negligent handling of evidence, witnesses, and the negligent investigation of the use of excessive force against PLAINTIFF; and

(g)   the failure to punish, re-train, terminate, and/or prosecute violators of Department policies and the law.

111. As a direct and proximate result of DEFENDANT'S conduct as alleged above, and other undiscovered negligent conduct, PLAINTIFF was

1   caused to suffer severe past and future mental and physical pain and suffering,

2   loss of enjoyment of life, medical expenses, and lost earning capacity.

3       112.   At all relevant times, PLAINTIFF was not an immediate threat to

4   anyone, including Defendants

5       113.   The CITY is vicariously liable for the wrongful acts of Defendants

6   pursuant to section 815.2(a) of the California Government Code, which

7   provides that a public entity is liable for the injuries caused by its employees

8   within the scope of the employment if the employee's act would subject him

9   or her to liability.

10       114.   PLAINTIFF seeks attorney fees under this claim pursuant to

11   California Code of Civil Procedure § 1021.5.

12

13   **EIGHTH CLAIM FOR RELIEF**

14   **(Violation of Cal. Civ. Code § 52.1 and California Common Law)**

15   (By PLAINTIFF against all DEFENDANTS)

16       115.   PLAINTIFF repeats and re-alleges each and every allegation in

17   paragraphs 1 through 114 of this Complaint with the same force and effect as

18   if fully set forth herein.

19       116.   The Bane Act, the California Constitution and California common

20   law prohibit the use of excessive force by law enforcement.  California Civil

21   Code, Section 52.1(b) authorizes a private right of action and permits survival

22   actions for such claims.  *See Bay Area Rapid Transit Dist. v. Superior Court*,

23   38 Cal.App.4th 141, 144 (1995).  "[A] successful claim for excessive force

24   under the Fourth Amendment provides the basis for a successful claim under

25   § 52.1."  *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1105-06 (9th Cir.

26   2014); citing *Cameron v. Craig*, 713 F.3d 1012, 1022 (9th Cir. 2013) ("[T]he

27   elements of the excessive force claim under § 52.1 are the same as under §

28

COMPLAINT FOR DAMAGES

1983."); *Bender v. Cnty. of L.A.*, 217 Cal.App.4th 968, 976 (2013) ("an unlawful [seizure]—when accompanied by unnecessary, deliberate and excessive force—is [] within the protection of the Bane Act").

117.  Defendants violated PLAINTIFF'S Fourth Amendment rights to be free from unreasonable seizures when they used excessive and unreasonable force against her.  Defendants specifically intended to violate PLAINTIFF'S constitutional rights as stated above, as demonstrated by Defendants' reckless disregard for PLAINTIFF'S constitutional rights.  Thus, PLAINTIFF can recover for violation of the Bane Act.  *See Reese v. County of Sacramento*, 888 F.3d 1030, 1040-45 (2018).

118.  On January 20, 2021, Defendants seized PLAINTIFF when Defendants detained her without reasonable suspicion or probable cause.

119.  Defendants violated PLAINTIFF'S Constitutional right to be free from unlawful search or seizure and to be free from excessive and unreasonable force by police officers.  Defendants intended to violate PLAINTIFF'S rights and/or acted with reckless disregard with regard to PLAINTIFF'S Constitutional rights, which is evidence that they intended to violate PLAINTIFF'S rights.

120.  PLAINTIFF was caused to suffer severe pain and suffering.  The conduct of Defendants was a substantial factor in causing the harm, losses, injuries, and damages of PLAINTIFF.

121.  CITY is vicariously liable for the wrongful acts of Defendants pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's acts would subject him or her to liability.

122.   The conduct of the individual Defendants was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of PLAINTIFF, entitling her to an award of exemplary and punitive damages. PLAINTIFF also seeks costs and attorneys' fees.

COMPLAINT FOR DAMAGES

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF, ELEXUS MARQUEZ, requests entry of judgment in her favor against CITY OF SAN BERNARDINO, Defendants NELSON, MURPHY, AND DOES 1-10, inclusive, as follows:

1. For compensatory damages, according to proof at trial, under federal and State law;

2. For punitive and exemplary damages against the individual defendants in an amount to be proven at trial;

3. For statutory damages;

4. For reasonable attorneys' fees including litigation expenses;

5. For costs of suit and interest incurred herein; and

6. For such other and further relief as the Court may deem just and proper.

Dated: December 01, 2021         **LAW OFFICES OF GRECH & PACKER**

By:     _____/s/_____ *Trenton C. Packer*_____
Trenton C. Packer, Esq.
*Attorneys for Plaintiff*

COMPLAINT FOR DAMAGES

1

### **DEMAND FOR JURY TRIAL**

2          PLAINTIFF hereby submits this demand that this action be tried in front of

3   a jury.

4

5   Dated: December 01, 2021          **LAW OFFICES OF GRECH & PACKER**

6

7                                                          By:   _____/s/_____Trenton C. Packer_____

8                                                          Trenton C. Packer, Esq.
                                                           *Attorneys for Plaintiff*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28